IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

COREY HOOVER,

    Petitioner,

v.

STATE OF OHIO,

    Respondent.

CASE NO. 2:10-CV-704
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MICHAEL R. MERZ

## OPINION AND ORDER

On January 29, 2013, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed on the merits. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation* and a request for a certificate of appealabililty. For the reasons that follow, Petitioner's objections, Doc. 10, are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMIED**. This action is hereby **DISMISSED**.

Petitioner's request for a certificate of appealability is **GRANTED**.

Petitioner objects to the Magistrate Judge's recommendation of dismissal on the merits of his sole claim for relief, *i.e.*, that Ohio Revised Code § 4511.19(A)(2), which provides for an increased penalty on a conviction on driving under the influence if the offender previously has been convicted of DUI within twenty years and refuses to consent to chemical testing violates the Fourth Amendment. Petitioner again raises all of the arguments he previously presented. In addition, Petitioner contends that the Magistrate Judge's conclusions are erroneous as a matter of law. Petitioner argues that probable cause for Petitioner's arrest is not at issue because police did not execute any search. Thus, Petitioner maintains that Ohio's statute violates the Fourth

1

Amendment by criminally punishing individuals for refusing or revoking consent to a warrantless search. *Objections,* PageID #339. Relying on *Camera v. Municipal Court,* 387 U.S. 523 (1967), Petitioner again argues that the Constitution prohibits him from being criminally punished for refusing or revoking consent to the warrantless search of his blood, breath or urine, and that he had a right to insist that the police obtain a warrant. Petitioner contends that the authority of police in this case to execute the search without his consent is irrelevant, as the statute at issue criminalizes the act of refusing consent to a warrantless search, in violation of *Florida v. Jimino,* 500 U.S. 248, 252 (1991). PageID #341. Petitioner further argues that the Magistrate Judge erred in distinguishing *Camera* from the case at issue here by referring to the existence of exigent circumstances or probable cause and pointing out that *Camera* involved the refusal of entry into the home which is considered to be an area of heightened protection. Petitioner contends that the sole issue raised here is whether an individual has the absolute constitutional right under the Fourth Amendment to refuse or revoke consent to a warrantless search. Finally, Petitioner complains that the Magistrate Judge's reference to *Hiibel v. Sixth Judicial District Court of Nevada,* 542 U.S. 177 (2004), is misplaced. He maintains that Hiibel is inapposite because there, the Supreme Court concluded that a police officer's request for a suspect to identify himself does not violate the Fourth Amendment.

Upon a *de novo* review under 28 U.S.C. § 636(b), and for the reasons already well detailed in the Magistrate Judge's *Report and Recommendation,* this Court is not persuaded by Petitioner's arguments. The Court likewise concludes that Petitioner has failed to show that the Ohio Supreme Court's decision rejecting Petitioner's claim was contrary to or an objectively unreasonable application of clearly established federal law. Petitioner's objections, Doc. 10, therefore are **OVERRULED.**

2

Petitioner's request for a certificate of appealability hereby is, however, meritorious. Where, as here, a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v.. Estelle*, 463 U.S. 880 (1983). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S. at 893 & n. 4). Given that three distinguished Justices of the Ohio Supreme Court disagreed with the result in this case, Petitioner's request for a certificate of appealability is **GRANTED**.

The Court certifies the following issue for appeal:

> Did the Ohio Supreme Court's decision rejecting Petitioner's claim that Ohio Revised Code § 4511.19(A)(2) violates the Fourth Amendment by penalizing a person for refusing or revoking his consent to a warrantless search warrant federal habeas corpus relief?

Petitioner's objections, Doc. 10, are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner's request for a certificate of appealability is **GRANTED**.

**IT IS SO ORDERED.**

3-13-2013
EDMUND A. SARGUS, JR.
United States District Judge

3